**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| INTERESTED TERMINATED PROBATIONARY EMPLOYEES - HHS, | DOCKET NUMBER CB-1205-25-0023-U-1 |
| Petitioners, | |
| v. | |
| OFFICE OF PERSONNEL MANAGEMENT, | DATE: June 18, 2026 |
| Agency, | |
| and | |
| DEPARTMENT OF HEALTH AND HUMAN SERVICES, | |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Debra D'Agostino, Esquire, Ricardo Pitts-Wiley, Esquire, Joanna Friedman, Esquire, and Heather White, Esquire, Washington, D.C., for the petitioners.

D. Black, Esquire, Eyana Esters, Esquire, Michele Bloom, Esquire, Allison Kidd-Miller, Esquire, and Alex Ehler, Esquire, Washington, D.C., for the Office of Personnel Management.

Susan Andorfer, Esquire, and Jennifer Smith, Esquire, Washington, D.C., for the Department of Health and Human Services.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member


**FINAL ORDER**

The petitioners, interested probationary employees terminated from the Department of Health and Human Services (HHS), request that the Board review under 5 U.S.C. § 1204(f) whether 10 Federal agencies, including HHS, invalidly implemented Office of Personnel Management (OPM) regulations when they terminated the petitioners and thousands of similarly situated employees during their probationary periods on and shortly after February 14, 2025.[2] For the reasons discussed below, we DENY the request for regulation review.

**BACKGROUND**

On January 20, 2025, OPM issued a memorandum to agency heads directing them to identify "all employees on probationary periods, who have served less than a year in a competitive service appointment, or who have served less than two years in an excepted service appointment" and to "promptly determine whether those employees should be retained at the agency." Request File (RF), Tab 1 at 18-20. On January 28, 2025, OPM sent an email to all Federal employees titled "Fork in

---

[2] The request for regulation review was submitted on behalf of 55 interested individuals who were terminated during their probationary periods from 1 of 10 employing agencies: Department of Commerce, Department of Energy, Department of Health and Human Services, Department of Homeland Security, U.S. Agency for International Development, Department of the Interior, Department of Transportation, Department of the Treasury, Department of Veterans Affairs, and Department of Agriculture. Request File (RF), Tab 1 at 1, 15-16. The Board grouped the interested individuals by employing agency and docketed separate requests for regulation review for each group, resulting in a separate regulation review request for each agency alleged to have invalidly implemented the regulations. *See* RF, Tab 2 at 1. The instant request, *Interested Terminated Probationary Employee – HHS v. OPM and HHS*, MSPB Docket No. CB-1205-25-0023-U-1, has been docketed on behalf of the interested individuals terminated from HHS, identified by Exhibit 1 of the request for regulation review. *Id.*; RF, Tab 1 at 15-16.

the Road," offering a "deferred resignation" program and stating that "the majority of federal agencies are likely to be downsized," including through reductions in force and furloughs. *Id.* at 22-24. Approximately 2 weeks later, on February 14, 2025, the Chief Human Capital Officers (CHCO) Council emailed the agency CHCOs and Deputy CHCOs, stating that "[w]e have asked that you separate probationary employees that you have not identified as mission-critical no later than end of the day Monday, 2/17" and attaching a template letter. *Id.* at 5, 26-27. According to the petitioners, "[b]eginning that very day, February 14, 202[5], upon receipt of this email, agencies terminated the interested persons and thousands of similarly situated probationers." *Id.* at 6. The petitioners noted that the termination notices were all similar and cited, as examples, notices from four different agencies issued from February 14-20, 2025. *Id.* at 6-9.

On March 7, 2025, the petitioners filed the instant request for regulation review, arguing that the agencies, including HHS, invalidly implemented OPM regulations at 5 C.F.R. §§ 315.803(a), .804(a) in conducting the government-wide probationary terminations. RF, Tabs 1, 17. These provisions, as they existed at the time of the challenged terminations, provided:[3]

> The agency shall utilize the probationary period as fully as possible to determine the fitness of the employee and shall terminate his or her services during this period if the employee fails to demonstrate fully his or her qualifications for continued employment.

5 C.F.R. § 315.803(a);

> Subject to § 315.803(b), when an agency decides to terminate an employee serving a probationary or trial period because his work performance or conduct during this period fails to demonstrate his fitness or his qualifications for continued employment, it shall

---

[3] On April 24, 2025, President Trump issued Executive Order 14284 declaring the regulations at 5 C.F.R. part 315, subpart H, which includes 5 C.F.R. § 315.803-.804, "inoperative and without effect." Exec. Order No. 14284, Strengthening Probationary Periods in the Federal Service, 90 Fed. Reg. 17729 (Apr. 24, 2025). OPM formally eliminated these provisions by final rule on June 24, 2025. Strengthening Probationary Periods in the Federal Service, 90 Fed. Reg. 26727-01, 26729 (June 24, 2025).

terminate his services by notifying him in writing as to why he is being separated and the effective date of the action. The information in the notice as to why the employee is being terminated shall, as a minimum, consist of the agency's conclusions as to the inadequacies of his performance or conduct.

5 C.F.R. § 315.804(a).

The petitioners argue that the agencies violated these provisions by: (1) failing to conduct the individualized assessments required by 5 C.F.R. § 315.803(a) to determine whether each probationary employee "fail[ed] to demonstrate fully his or her qualifications for continued employment"; and (2) terminating probationary employees for reasons not permitted under 5 C.F.R. § 315.804(a)—namely, to downsize the Federal workforce, rather than for an individual's "work performance or conduct during this period [that] fails to demonstrate his fitness or his qualifications for continued employment." RF, Tab 1 at 4-6, Tab 17 at 7-13. The petitioners further argue that the en masse termination of probationary employees amounted to an unlawful reduction in force (RIF), taken without regard to the requirements of 5 C.F.R. part 351. RF, Tab 1 at 4-8. Lastly, they argue that the agencies' actions constituted a prohibited personnel practice under 5 U.S.C. § 2302(b)(12).[4] *Id.* at 9-10.

In their oppositions to the petitioners' request for regulation review, OPM and HHS argue that the request must be dismissed for lack of jurisdiction or, in the alternative, for failure to meet the Board's prudential criteria for review.[5] RF, Tabs 13-14. HHS additionally claims that the probationary terminations at issue

---

[4] Under 5 U.S.C. § 2302(b)(12), it is a prohibited personnel practice to take personnel action that violates a law, rule, or regulation implementing, or directly concerning, a merit system principle. The petitioners assert that 5 C.F.R. §§ 315.803-.804 and 5 C.F.R. part 351 are regulations that directly concern the merit system principles, including 5 U.S.C. § 2301(b)(5) ("The Federal work force should be used efficiently and effectively"); (b)(6) ("Employees should be retained on the basis of the adequacy of their performance, inadequate performance should be corrected, and employees should be separated who cannot or will not improve their performance to meet required standards"); and (b)(8)(A) ("Employees should be (A) protected against arbitrary action, personal favoritism, or coercion for partisan political purposes").

have since been canceled pursuant to United States district court orders. RF, Tab 13 at 4-6, 20-66, 89-91. The petitioners, however, dispute HHS's claims that the terminations have been canceled. RF, Tab 17 at 5-7.

## ANALYSIS

Under 5 U.S.C. § 1204(f), the Board has original jurisdiction to review rules and regulations issued by OPM and to declare such provisions invalid on their face or invalidly implemented by any agency. *Tabradillo v. Office of Personnel Management*, 93 M.S.P.R. 257, ¶ 2 (2003). The Board will declare a regulation "invalidly implemented by any agency, if the Board determines that such provision, as it has been implemented by the agency through any personnel action taken by the agency or through any policy adopted by the agency in conformity with such provision, has required any employee to violate section 2302(b)." 5 U.S.C. § 1204(f)(2)(B).

The petitioners seek regulation review pursuant to 5 U.S.C. § 1204(f)(1)(B), which provides that an "interested person" may request regulation review. The term "interested person" has not been defined in the statute or in the relevant regulations. *Jones v. Office of Personnel Management*, 107 M.S.P.R. 115, ¶ 8 (2007); 5 C.F.R. §§ 1203.1-.22. However, the Board has interpreted the plain meaning of that term to signify that the petitioning person must have an interest in

---

[5] The Office of Special Counsel (OSC) submitted an amicus brief recommending that the Board deny the petitioners' request for review. RF, Tab 8. The petitioners moved to strike the amicus brief because OSC lacked the authority to submit the brief under 5 U.S.C. § 1212(h)(1) and was not invited to submit it by the Board. RF, Tab 9. We agree that OSC does not have a statutory right under section 1212(h)(1) to submit an amicus brief in this administrative proceeding. *See* 5 U.S.C. § 1212(h)(1) (providing that OSC has the right to appear as an amicus curiae "in any action brought in a *court* of the United States related to section 2302(b)(8) or (9)" (emphasis added)). In addition, OSC's amicus brief is not permitted under the Board's regulations because the Board did not request it, and OSC did not request (or receive) permission to submit an amicus brief. *See* 5 C.F.R. § 1203.13(b)-(c) (providing that, in a request for regulation review, the Board will consider pleadings in addition to the request, a response to the request, a reply, motions, and oppositions to those motions, "only if the Board requests them, or if it grants a request that it consider them."). Accordingly, we do not consider OSC's amicus brief.

having the Board review the regulation or rule in question because it has some applicability to him or her. *Jones*, 107 M.S.P.R. 115, ¶ 8. Thus, the question of whether a petitioner is an "interested person" is a "standing" issue. *Id.*, ¶ 9 (citing *Senior Executives Association v. Office of Personnel Management*, 67 M.S.P.R. 643, 648 (1995)).

As noted above, HHS stated in its response to the petitioners' request for regulation review that the probationary terminations at issue have been canceled. RF, Tab 13 at 4-6, 20-66, 89-91. In support, HHS provided a declaration under penalty of perjury from the Deputy Assistant Secretary for Human Resources/Chief Human Capital Officer for HHS attesting that, of the petitioners identified as "interested persons" in Exhibit 1 to the petition for regulation review, they either were not actually terminated pursuant to the February 14, 2025 termination notices or, if they were terminated, have since been reinstated. *Id.* at 89-91. In their reply, the petitioners argue that, based on declarations provided by agency officials in *Maryland v. U.S. Department of Agriculture*, No. 25-cv-00748 (D. Md.), HHS has "not returned all terminated probationary employees to duty . . . ." RF, Tab 17 at 6. The petitioners note that, "[i]f HHS provides this evidence, Petitioners would agree that HHS provided the relief sought in the [request for regulation review]." *Id.* Additionally, the petitioners concede that, "to the extent the agencies have rescinded in full the terminations of probationary employees executed *en mass* [sic] on or shortly after February 14, 2025, the agencies have provided the relief sought in the [request for regulation review]." *Id.* at 13.

The petitioners' challenge appears to be based on outdated affidavits. The petitioners rely on a March 25, 2025 affidavit filed in a United States district court case that was not specific to the interested parties in this request. RF, Tab 17 at 4-7 (citing *Interested Terminated Probationary Employee – DVA v. OPM and DVA*, MSPB Docket No. CB-1205-25-0029-U-1, Request File, Tab 15 at 193-94). The petitioners disregard that HHS's response was filed nearly 3 months later, on June 12, 2025, and has information about the specific interested parties underlying

this request. RF, Tab 13 at 4-6, 20-66, 89-91. HHS's response includes an affidavit dated June 12, 2025, that explains the employment status of each identified interested party, along with documentation supporting the assertions in the affidavit. *Id.* We find that HHS's documentation demonstrates that none of the individuals identified here as interested parties were terminated pursuant to the February 14, 2025 termination notices, or if they were terminated, those terminations were later rescinded. *Id.*

Since the record reflects that the probationary terminations underlying this request for regulation review have been rescinded, the alleged invalid implementation of the regulations is no longer applicable to the petitioners. As such, they do not qualify as "interested persons" entitled to request Board review of OPM's regulations under 5 U.S.C. § 1204(f)(1)(B). We therefore find that the petitioners do not have standing to request regulation review in this case, and their petition must be denied on that basis. *Cf. Jones*, 107 M.S.P.R. 115, ¶ 8.

## ORDER

The petitioners' request for regulation review is denied. Title 5 of the Code of Federal Regulations, section 1203.12(a) (5 C.F.R. § 1203.12(a)).


*Gina K. Grippando*

FOR THE BOARD: _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.